]UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

March 20, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:     *Crystal G. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
        Civil No. 25-0771-DRM

Dear Counsel:

On March 10, 2025, Plaintiff Crystal G. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case, ECF No. 6, and the parties' briefs. ECF Nos. 10, 23, and 24. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision and REMAND the case for further consideration. This letter explains why.

I.     **PROCEDURAL BACKGROUND**

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on June 22, 2021, alleging a disability onset of January 7, 2021. Tr. 181-185. Plaintiff's claims were denied initially and on reconsideration. Tr. 103-108. On March 26, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 14-37. Following the hearing, on May 20, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 14-37. The Appeals Council denied Plaintiff's request for review, Tr. 179-180, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Leland Dudek, the Acting Commissioner of Social Security on March 10, 2025. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Crystal G. v. Frank Bisignano*
Civil No. 25 -0771-DRM
March 20, 2026
Page 2

## II.    <u>THE ALJ'S DECISION</u>

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of January 12, 2021 through her date last insured of December 31, 2023." Tr. 20. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease, status post fusion; chronic pain syndrome; osteoarthritis; gastroesophageal reflux disease; gastroparesis; and obesity." Tr. 20. The ALJ also found that Plaintiff suffered from several non-severe impairments, including depression. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23. The ALJ next determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b), except that the claimant can occasionally push or pull with the bilateral lower extremities; can occasionally climb ramps or stairs, and ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, or crawl; can frequently balance; and must avoid concentrated exposure to extreme temperatures, humidity, fumes, dusts, odors, gases, poor ventilation, vibration, and hazards such as dangerous moving machinery and unprotected heights.

Tr. 24. The ALJ determined that Plaintiff was able to perform past relevant work as a job coach and case worker. Tr. 31. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

## III.    <u>LEGAL STANDARD</u>

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla of evidence but may be somewhat less than a

*Crystal G. v. Frank Bisignano*
Civil No. 25 -0771-DRM
March 20, 2026
Page 3

preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

IV.    **ANALYSIS**

On appeal, Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ misapplied the symptom analysis framework set forth in the Social Security regulations. ECF No. 10 at 7. Although the ALJ found Plaintiff's depression could cause her alleged symptoms, Plaintiff contends the ALJ improperly discounted those symptoms based on "normal" objective findings, in violation of *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) and *Shelley C. v. Comm'r of Soc. Sec. Admin.*, 61 F.4th 341, 360 (4th Cir. 2023). *Id.* at 7-11. Plaintiff further argues the ALJ failed to account for evidence of concentration deficits, fatigue, and anxiety, resulting in an RFC that omitted any mental limitations and improperly supported the step-four finding. *Id.* at 13.

In response, the Commissioner contends that the ALJ properly evaluated Plaintiff's symptoms under the regulations and relied on substantial evidence, including minimal mental health treatment, unremarkable mental status findings, persuasive medical opinions, and Plaintiff's daily activities. ECF No. 23 at 7. The Commissioner argues the ALJ did not rely solely on objective evidence and appropriately considered the record as a whole, distinguishing this case from *Arakas* and *Shelley C*. *Id.* at 8.

In reply, Plaintiff maintains that the Commissioner misstates controlling law and the record. ECF No. 24 at 1-3. Plaintiff argues that, under *Arakas* and *Shelley C.*, the ALJ may not rely on objective findings to discount subjective symptoms of inherently subjective conditions like depression. *Id.* at 2. Plaintiff further contends that the ALJ ignored longitudinal evidence of mental health symptoms, improperly relied on limited treatment and daily activities, and failed to include any corresponding mental limitations in the RFC, rendering the decision unsupported by substantial evidence and requiring remand. *Id.* at 5-11.

An ALJ properly analyzes subjective complaints by using a two-part test. *See Craig*, 76 F.3d at 594–95. First, the ALJ must assess the objective medical evidence and determine whether the plaintiff has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b), 416.929(b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *4 (S.S.A. Mar. 16, 2016). Second, if the ALJ finds a medically determinable impairment, the ALJ assesses the plaintiff's symptoms to determine how the symptoms' intensity and persistence affect the plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c). At the second step, "there need not be objective evidence of the pain [or symptoms] itself or its intensity." *Arakas*, 983 F.3d at 95 (quoting *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989)).

*Crystal G. v. Frank Bisignano*
Civil No. 25 -0771-DRM
March 20, 2026
Page 4

Because "disability benefits can be awarded on the sole basis of an objective impairment and derivative subjective pain" or symptoms, a claimant may "rely exclusively on subjective evidence" at the second step. *Oakes v. Kijakazi*, 70 F.4th 207, 215 (4th Cir. 2023) (quoting *Arakas*, 983 F.3d at 96). Thus, "an ALJ applies the incorrect legal standard in discrediting complaints 'based on [a] lack of objective evidence corroborating them.'" *Id.* (quoting *Arakas*, 983 F.3d at 96) (brackets in original); *accord* SSR 16-3p, 2017 WL 5180304, at *5 ("[W]e will not disregard an individual's statements about [their] symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual."). Instead, and with a limitation discussed below, the ALJ is required to balance the record evidence because "[a] report of ... inconsistencies in the objective medical evidence is one of the many factors ... consider[ed] in evaluating" this prong. *Shelley C.*, 61 F.4th at 360 (quoting SSR 16-3p, 2016 WL 1119029, at *5).

Where a Plaintiff suffers from fibromyalgia or chronic depression, an additional restriction applies. In *Arakas*, the Fourth Circuit stated:

> we join those circuits by holding that ALJs may not rely on objective medical evidence (or the lack thereof)—*even as just one of multiple factors*—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence. Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease.

*Arakas*, 983 F.3d at 97 (emphasis added.)

In *Shelley* C., the Fourth Circuit extended the holding of *Arakas* to "depression—particularly chronic depression," holding that it was "one of those other diseases" that does not produce objective medical evidence. *Shelley C.*, 61 F.4th at 360-61. Thus, an ALJ may not rely on objective medical evidence, or the lack thereof, as even one factor among many, to discount a claimant's subjective complaints regarding symptoms of chronic depression.

However, *Arakas and Shelley C.* do not foreclose an ALJ's ability to "weigh[] [a] [p]laintiff's subjective complaints against other evidence in the record," such as by "compar[ing] [a] [p]laintiff's hearing testimony to her previous statements, including those made during medical visits with her primary care provider and her statements regarding her activities of daily living . . . . Such weighing remains permissible under *Shelley C.* and *Arakas*." *Lasharne W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-21-2603, 2023 WL 2414497, at *4 (D. Md. Mar. 8, 2023). *See Kimberly S. v. Comm'r, Soc. Sec.,* No. EA-23-1404, 2024 WL 5007372, at *7 (D. Md. Dec. 3, 2024) (ALJ's finding that plaintiff's "own subjective reports of improvement [of depression symptoms] with treatment and independent daily activities were inconsistent with the disabling limitations she alleged" was not impermissible reliance on absence of objective medical evidence.)

*Crystal G. v. Frank Bisignano*
Civil No. 25 -0771-DRM
March 20, 2026
Page 5

Here, at the first step, the ALJ determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[.]" Tr. 25. At the second step the ALJ concluded that Plaintiff's:

> statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

Tr. 25.

Plaintiff contends this second step was undertaken in error. Specifically, Plaintiff argues that:

> The ALJ increased Plaintiff's burden of proof by repeatedly discounting Plaintiff's mental-health symptoms for lack of objective corroboration. Analogous to *Arakas* and *Shelley C.*, the ALJ found that Plaintiff's medically determinable impairments, "could reasonably be expected to cause the alleged symptoms", thereby satisfying the first step of the symptom analysis (Tr. 25). After having met her threshold obligation of showing by objective medical evidence a medically determinable mental impairment, such as [Major Depressive Disorder], that is reasonably likely to cause the symptoms alleged, Plaintiff was entitled to rely exclusively on her own description of her mental impairment to prove the second part of the test, i.e., that her symptoms prevent the persistence, pace, and reliability that skilled work requires on a regular and continuing basis (Tr. 25, 31); 20 C.F.R. § 404.1502(i). Additionally, because Plaintiff suffers from the mental impairment above, objective indicators must not factor adversely into the second step of this analysis. *Arakas*, 983 F.3d at 97; see *Shelley C.*, 61 F.4th at 361-62 (applying *Arakas* to cases involving chronic depression).

ECF No. 10 at 11.

The Court finds that the ALJ engaged in the analysis forbidden by *Arakas* and *Shelley C.*, stating that Plaintiff "has alleged depression and anxiety, but the mental status examinations in the record have been grossly normal. . . . Accordingly, the claimant's allegations are not entirely consistent with the objective medical evidence and other evidence of record." Tr. 28 (record citations omitted). In discussing the mental status examinations elsewhere in the decision, the ALJ noted characterizations such as Plaintiff's reportedly normal alertness, orientation, cooperativeness, mood, and affect. Tr. 27, 29, 30. All of these are clinical judgments by providers or examiners related to "psychiatric signs" and thus to "objective medical evidence" or its absence. *See* 20 C.F.R. §§ 404.1502(f), (g).

This reasoning is inconsistent with *Shelley C.*, which makes clear that depression is a condition that does not produce consistent objective findings and that an ALJ may not rely on such findings, even as one factor among many, to discount subjective complaints. 61 F.4th at 360–61. Therefore, remand is appropriate.

*Crystal G. v. Frank Bisignano*
Civil No. 25 -0771-DRM
March 20, 2026
Page 6

In remanding on this issue, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.    **<u>CONCLUSION</u>**

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Douglas R. Miller
United States Magistrate Judge